UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTONIO MCKINNEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00365-SDN |
| | ) | |
| STATE OF MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) ) ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT[1]

Plaintiff has joined the Maine Department of Human Services, multiple state officials and employees, unnamed state court judges, a local police department, and other individuals in this action in which he seeks relief from Defendants' actions in connection with state court child protection proceedings. (Complaint, ECF No. 1; Amended Complaint, ECF No. 8.)

In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 3), which application the Court granted. (Order, ECF No. 6.) In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint was appropriate. 28 U.S.C. § 1915(e)(2).

---

[1] Although an amended complaint typically supersedes the original complaint, I have considered the allegations included in both pleadings.

Following a review of Plaintiff's complaint and amended complaint, I recommend the Court dismiss the matter.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by

lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## FACTUAL ALLEGATIONS

Plaintiff alleges that during child protection proceedings from 2022 through 2025, Defendants unlawfully removed his minor children from his custody. Plaintiff asserts that his parental rights "have been repeatedly violated without justification or lawful process." (Plaintiff's Affidavit, ECF No. 1-3.) Plaintiff asks the Court to declare that Defendants have violated his constitutional rights and seeks monetary damages and injunctive relief.

## DISCUSSION

The Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), precludes Plaintiff from proceeding in federal court on his claims as alleged. *Younger* requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or analogous civil enforcement proceeding. *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013). Abstention is mandatory absent "extraordinary circumstances," such as: (1) an action "brought in bad faith . . . for the purpose of harassment," (2) "the state forum provides inadequate protection of federal rights," or (3) the challenged "state statute is flagrantly and patently violative of express constitutional prohibitions" or there is "a facially conclusive claim of [federal] preemption." *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192, 197 (1st Cir. 2015).

The Supreme Court and the First Circuit have concluded that *Younger* applies to state government child custody actions like the one Plaintiff describes. *See Malachowski v. City of Keene*, 787 F.2d 704, 708 (1st Cir. 1986) (discussing *Moore v. Sims*, 442 U.S. 415 (1979)). Plaintiff has not alleged sufficient facts to permit a plausible finding of extraordinary circumstances to overcome the abstention mandated by *Younger*. For example, Plaintiff has not demonstrated through nonconclusory allegations that the state court has refused to permit him to raise his federal claims in that forum.

To the extent that Plaintiff references state court proceedings which have become final, Plaintiff's claims are also barred. "[T]he domestic relations exception to federal court jurisdiction . . . prohibits federal courts from issuing or altering 'divorce, alimony, and child custody decrees,'" *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), and "[t]he *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) and discussing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). In general, "the proper forum for challenging an unlawful state court ruling" is the state appellate system followed by a petition for review by the United States Supreme Court. *Davison v. Gov't of Puerto Rico-Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006); 28 U.S.C. § 1257.

4

Finally, even if Plaintiff could assert a federal claim based on the state child protective proceedings, Plaintiff has not alleged sufficient facts to support a claim. Plaintiff maintains the Defendants' actions violate his constitutional rights protected by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff's complaint, however, is too vague and conclusory to support a federal claim. *See Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013) (complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard.").

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of September, 2025.