UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ANTONIO MCKINNEY, )<br>)<br>         Plaintiff, )<br>)<br>v. )<br>)<br>MAINE DEPARTMENT OF HEALTH )<br>AND HUMAN SERVICES (DHHS), et al., )<br>)<br>         Defendants. ) | 2:25-cv-00365-SDN |

**ORDER DISMISSING ACTION**

      Petitioner Antonio McKinney sued Respondents the Maine Department of Health and Human Services, some of its employees and attorneys, the judges of the Lewiston District Court, the Lewiston District Court, the governor of Maine, two Lewiston police officers, and two individuals Mr. McKinney alleges are the foster parents of his children.[1] ECF No. 1. His claims in this case all relate to a child custody dispute which has been ongoing since 2022. ECF No. 1 at 4. Mr. McKinney filed an application to proceed without prepayment of fees, ECF No. 3, which the Court granted, ECF No. 6. As such, the Magistrate Judge conducted a preliminary review of Mr. McKinney's amended complaint pursuant to 28 U.S.C. § 1915(e)(2). On September 25, 2025, the Magistrate Judge issued his Report & Recommendation ("R&R"), recommending that this Court dismiss the action for failure to state a claim upon which relief could be granted. ECF No. 21. Mr. McKinney timely objected to the R&R. ECF No. 22.

---

[1] Mr. McKinney's amended complaint appears to remove the judges, the court, and the governor as defendants. ECF No. 8.

## FACTUAL BACKGROUND

I take all "[n]on-conclusory factual allegations in the complaint . . . as true." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). Mr. McKinney filed an amended complaint on July 18, 2025. ECF No. 8. Though his amended complaint supersedes the initial complaint and does not include an affidavit, because Mr. McKinney is pro se, I will consider the affidavit from the original complaint as part of the record on this motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reiterating that courts must construe documents filed by pro se litigants liberally); ECF No. 1-3 (affidavit).

Mr. McKinney claims that on May 27, 2022, some of his children were taken from him in Massachusetts and placed into foster care in Maine. ECF No. 1-3 at 1. Then, on July 29, 2022, his newborn child was removed from his custody at Portland Hospital. *Id.* at 2. Mr. McKinney claims that in both instances, he was not given notice of the pending removals or an opportunity to contest the separation prior to his children being removed from his custody. *Id.*

However, according to the affidavit attached to his original complaint, since that time Mr. McKinney has been a party to state court custody proceedings. *See id.* He attended a hearing in the state court custody matter in November 2022, where he invoked his Fifth Amendment right not to testify. *Id.* He claims the court in that proceeding unlawfully "treated [his] silence as 'interference'" and ruled against him. *Id.* He also states that the appointed guardian *ad litem* and the assistant attorney general misrepresented facts to the court in those proceedings and "failed to recommend placement with available family members." *Id.* Mr. McKinney claims "no legal justification has been produced for the continued separation" of his children. *Id.*

## PROCEDURAL HISTORY

Mr. McKinney sued in this Court on July 15, 2025, and moved for a TRO and a preliminary injunction on the same day. ECF Nos. 1, 4. On August 5, 2025, I denied his motion for a TRO and his motion for a preliminary injunction, ECF No. 11, to which he subsequently objected, ECF No. 14. He also filed a motion to strike my August 5, 2025, order. ECF No. 15. I construe both his "objection" and motion to strike together as motions for reconsideration.[2] On August 6, 2025, Mr. McKinney filed another motion for a preliminary injunction, seeking a declaration that his constitutional rights had been violated and a restoration of his parental rights. ECF No. 13. On August 21, 2025, he filed a motion to change venue predicated on perceived judicial bias, ECF No. 18, which the Magistrate Judge denied in an order dated September 8, 2025, ECF No. 20. On October 6, 2025, Mr. McKinney filed the instant objection to the September 25, 2025, R&R recommending dismissal of his claims. ECF No. 22. In his objection to the R&R, Mr. McKinney also renewed his motion to change venue due to judicial bias. *See* ECF Nos. 22, 23.

## DISCUSSION

Because Mr. McKinney is proceeding in forma pauperis, 28 U.S.C. § 1915 governs. It provides that "the court shall dismiss the case at any time if the court determines[,]" among other things, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune

---

[2] Because I dispose of this case on jurisdictional grounds, I do not address Mr. McKinney's motion for reconsideration of my August 5, 2025, order, which is mooted by this Order. *See In re Doughty*, No. 1:25-CV-00400, 2025 WL 2418668, at *3 (D. Me. Aug. 21, 2025) ("Because the Court agrees with the Magistrate Judge that it lacks jurisdiction over [the] case, it also affirms the Magistrate Judge's recommendation that the Court dismiss all other pending matters on this docket as moot.").

from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court may dismiss an action under section 1915 of its own initiative "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, the Court must assume the truth of all well-pled facts and give the plaintiff the benefit of all reasonable inferences. *Ocasio-Hernández*, 640 F.3d at 12. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-CV-00032, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson*, 551 U.S. at 94). "To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy." *Schiller v. Ferneld*, No. 2:21-CV-00306, 2021 WL 5494517, at *1 (D. Me. Nov. 21, 2021), *report and recommendation adopted*, No. 2:21-CV-00306, 2021 WL 5815820 (D. Me. Dec. 7, 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"[A] federal court is under an unflagging duty to ensure that it has jurisdiction over the subject matter of the cases it proposes to adjudicate." *Am. Policyholders Ins. Co. v. Nyacol Prods., Inc.*, 989 F.2d 1256, 1258 (1st Cir. 1993). Thus, contrary to Mr. McKinney's assertion that it is inappropriate to weigh in at this juncture, *see* ECF No. 22 at 3, I must consider whether this Court has jurisdiction to hear the asserted claims. In *Younger v.*

*Harris*, 401 U.S. 37 (1971), and its progeny, the Supreme Court announced that federal courts are required, "in the absence of extraordinary circumstances, to refrain from interfering with certain state proceedings." *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 189 (1st Cir. 2015) (citing *Younger*, 401 U.S. at 43–45).

Abstention can be appropriate in state child custody proceedings such as the one at issue here. *See, e.g.*, *Malachowski v. City of Keene*, 787 F.2d 704, 709 (1st Cir. 1986); *Friends of Child., Inc. v. Matava*, 766 F.2d 35, 37 (1st Cir. 1985). In *Friends of Children*, the claim was, as here, brought as a civil rights suit under 42 U.S.C. § 1983, asserting a constitutional violation for the state's failure to approve certain custodial visits. *Id*. at 36. The First Circuit affirmed the district court's decision to decline jurisdiction on the ground of abstention, noting that "the fact that 'family law' is at issue here makes 'abstention' particularly appropriate." *Id*. at 37. Similarly, in *Malachowski*, the First Circuit explained that "since the field of domestic relations involves local problems peculiarly suited to state regulation and control, a suit whose substance involves domestic relations cannot ordinarily be maintained in a federal court." 787 F.2d at 709.

When boiled down, Mr. McKinney's claim here is a demand for custody of his children. *See* ECF No. 8 at 3 ("These Lewiston officers also cooperated with DHHS agents to unlawfully search for and remove Plaintiff and family members from custody, without proper judicial authorization or due process, thereby violating Plaintiff's constitutional rights."). Mr. McKinney's "attempt to obtain a federal imprimatur for the [state] court's order cannot, for purposes of the domestic relations exception, be meaningfully distinguished from a de novo determination of [his] rights to custody, which clearly falls within the narrow jurisdictional exception." *Sutter v. Pitts*, 639 F.2d 842, 844 (1st Cir. 1981).

5

Moreover, Mr. McKinney has not alleged facts which would constitute extraordinary circumstances sufficient to overcome *Younger*. *See Sirva*, 794 F.3d at 192 (listing exceptions when abstention would be inappropriate, such as "when a state proceeding is brought in bad faith," "if the state forum provides inadequate protection of federal rights," or "when a state statute is 'flagrantly and patently violative of express constitutional prohibitions'" (quoting *Younger*, 401 U.S. at 53)). The record does not suggest that the state custody action was brought in bad faith. *See McLeod v. Me. Dep't of Hum. Servs.*, 229 F.3d 1133, 2000 WL 869512, at *1 (1st Cir. 2000) ("Appellant has not . . . alleged an injury that is different 'than that incidental to every [child protection] proceeding brought lawfully and in good faith.'" (quoting *Younger*, 401 U.S. at 47)). And the Court "should not exert jurisdiction if the plaintiffs 'had an *opportunity* to present their federal claims in the state proceedings.'" *Moore v. Sims*, 442 U.S. 415, 425 (1979) (quoting *Juidice v. Vail*, 430 U.S. 327, 337 (1977)) (emphasis in *Moore*); *see also Bain v. MacDonald*, No. CV 24-13229, 2025 WL 1069586, at *2 (D. Mass. Apr. 8, 2025) ("*Younger* abstention is even appropriate where litigants 'claim violations of important federal rights, as long as the federal claims can be 'raised and resolved *somewhere* in the state process.'" (first quoting *In re Justs. of Superior Ct. Dep't of Mass. Trial Ct.*, 218 F.3d 11, 17 (1st Cir. 2000); then quoting *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004)) (emphasis in *Bain*)). Although Mr. McKinney did not testify at the state custody proceeding because he invoked his Fifth Amendment rights, *see* ECF No. 1-3 at 2, the conclusory allegations in his amended complaint do not demonstrate that he was precluded from participating or otherwise asserting his own claims in those proceedings. In fact, he says that he raised objections in "multiple hearings" based on the

Fourth and Fourteenth Amendments as well as the Interstate Compact on the Placement of Children. ECF No. 1 at 4.

Were this Court to hear Mr. McKinney's claims on the merits, the federal action could very well interfere with the state custody action. *See McLeod*, 229 F.3d at 1 ("Appellant's argument that her federal action would not interfere with the state action is unsupported by detailed argument and is inherently unpersuasive; the conduct of parts of the same controversy in federal court, after a state proceeding has begun, is an interference with the state proceeding."). Abstention therefore is appropriate.

Because this case is disposed of on jurisdictional grounds, I need not address Mr. McKinney's other outstanding motions. *See* ECF Nos. 13 (motion for preliminary injunction), 14 (motion for reconsideration of order denying preliminary relief), 15 (motion to strike order denying preliminary relief), 23 (renewed motion for change of venue).

## CONCLUSION

For the foregoing reasons, I **AFFIRM** the Magistrate Judge's September 25, 2025, Report and Recommendation, ECF No. 21, and **DISMISS** Mr. McKinney's claims without prejudice, ECF No. 8.

**SO ORDERED.**

Dated this 3rd day of November, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**