UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

ANTONIO MCKINNEY,                          )
                                           )
                Plaintiff,                 )
                                           )
v.                                         )        2:25-cv-00365-SDN
                                           )
MAINE DEPARTMENT OF HEALTH                 )
AND HUMAN SERVICES (DHHS),                 )
et al.,                                    )
                                           )
                Defendants.                )

## <u>ORDER</u>

On November 3, 2025, the Court issued an order dismissing Plaintiff Antonio McKinney's complaint. ECF No. 24. That same day, the Clerk of Court entered judgment of dismissal without prejudice. ECF No. 25. After the case's closure, Mr. McKinney filed several motions challenging the Court's decision to dismiss the case, including a timely motion to vacate the judgment and reopen the case, ECF No. 27, a self-styled "Motion to Hold Magistrate and District Judges Accountable," ECF No. 28, an emergency motion for a temporary restraining order ("TRO"), ECF No. 32, and a motion for recusal of the undersigned Judge, ECF No. 33.

Federal Rule of Civil Procedure 60(b) provides that a party may be relieved of a final judgment if he can make a showing of, among other things, mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. Pro. 60(b). Mr. McKinney provides no specific reasons for vacating the judgment beyond an argument that the Court acted contrary to law in reaching its decision to dismiss. *See* ECF No. 27-1 at 4–5.

1

"Because Rule 60(b) is a vehicle for extraordinary relief, motions invoking the rule should be granted only under exceptional circumstances." *Dávila-Álvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d 58, 64 (1st Cir. 2001) (quotation modified). Mr. McKinney takes umbrage with the Court's application of federal abstention doctrine, particularly *Younger v. Harris*, 401 U.S. 37 (1971), to decline to interfere in ongoing state proceedings related to Mr. McKinney's child custody disputes, which are the subject of this lawsuit. *See* ECF No. 27-1 at 4–5. As already stated, "a federal court is under an unflagging duty to ensure that it has jurisdiction over the subject matter of the cases it proposes to adjudicate." *Am. Policyholders Ins. Co. v. Nyacol Prods., Inc.*, 989 F.2d 1256, 1258 (1st Cir. 1993). The Court had the obligation to determine whether it maintained subject-matter jurisdiction over the case, regardless of whether a party raised the issue and concluded it did not have jurisdiction. Mr. McKinney's claims to the contrary have no merit. Mr. McKinney's other arguments—the judges were not neutral, he was denied access to the courts, and the Court ignored his supporting exhibits—are frivolous, belied by the record and this Court's orders, and insufficient to overcome the "exceptional circumstances" bar attached to Rule 60(b).

To the extent Mr. McKinney disputes the State's decision to remove his children from his custody, the Court reminds Mr. McKinney that the state court cases, in which he has previously participated, are the appropriate venue for his complaints. *See Sutter v. Pitts*, 639 F.2d 842, 843–44 (1st Cir. 1981). Mr. McKinney is hereby notified that filing any additional motions on this docket that seek to overturn any aspect of the final judgment in this case would be frivolous and will be summarily denied.

Plaintiff's motion to vacate the judgment is **DENIED**. ECF No. 27. Plaintiff's "Motion to Hold Magistrate and District Judges Accountable," motion for a TRO, and motion for recusal are **DISMISSED AS MOOT**. ECF Nos. 28, 32, 33.

**SO ORDERED.**

Dated this 22nd day of April, 2026.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**